**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

QUESTER STERLING-SUAREZ
    Petitioner,

    v.

UNITED STATES OF AMERICA
    Respondent.

Civil No. 13-1013 (PG)
Related Crim No. 02-117(PG)

<u>**OPINION AND ORDER**</u>

    Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (Docket No. 1) and Supplemental Motion (Docket No. 6). For the reasons discussed below, the Court finds the Petition shall be DENIED.

**I. BACKGROUND**

    On March 14, 2003, Petitioner Quester Sterling-Suarez (hereinafter "Sterling-Suarez" or "Petitioner") was charged in a ten (10) count Second Superseding Indictment. See C.D.E.[1] 85.

    Sterling-Suarez was charged in counts one (1), two (2), three (3), four (4), seven (7), eight (8) and nine (9) (C.D.E. 85). Count one charged violations to Title 18, United States Code, Section 1951(a). Count two charged violations to Title 18, United States Code, Section 924(c)(1)(A)(iii) and 2. Count three charged violations to Title 18, United States Code, Sections 1951(a) and 2. Count four charged violations to Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2. Count seven charged violations to Title 18, United States Code, Sections 1951(a) and 2. Count eight charged violations to Title 18, United States Code, Sections 924(j) and 2. Count nine charged violations to Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2. See C.D.E. 85.

    The charges against Petitioner and his four (4) co-defendants stem from an armed robbery perpetrated against armed guards/drivers of Ranger America while they were carrying out a money delivery in Gurabo, Puerto Rico. During the course of the robbery, Ranger America

---

[1] C.D.E. is an abbreviation of criminal docket entry.

guard Gilberto Rodriguez-Cabrera was shot and killed and Ranger America Guard Eluber Torres-Alejandro was shot and wounded, U.S. v. Catalan-Roman, 585 F.3d 453 (1st Cir.2009).

On September 9, 2005, after eight (8) days of a jury trial, Sterling-Suarez was found guilty of all counts in which he was charged. See C.D.E. 563. On December 12, 2005, Petitioner was sentenced to a term of imprisonment of twenty (20) years as to counts one (1), three (3) and seven (7), said term to be served concurrently with each other, as well as a term of imprisonment of thirty (30) years as to counts two (2) and nine (9), said term to be served concurrently with each other and to the sentence imposed as to count four (4), but consecutively to all other counts. The Court also imposed a term of imprisonment of twenty one (21) years as to count four (4), said term to be served concurrently to the sentences imposed as to counts two (2) and nine (9) and consecutively to the sentences imposed as to all other counts and a term of imprisonment of life as to count eight (8). See C.D.E. 589. Judgment was entered on December 16, 2009. See C.D.E. 590.

On March 20, 2006, Sterling-Suarez's counsel filed a Motion for Re-Sentencing requesting that Petitioner be allowed to exercise his right of allocution prior to sentencing.[2] See C.D.E. 619. The request was granted and Petitioner was re-sentenced on November 17, 2006. The terms of imprisonment did not vary from his original sentence. Sterling-Suarez, this time properly informed of his right of allocution, chose not to address the court. See C.D.E. 650. On November 17, 2006, Petitioner filed a Notice of Appeal. See C.D.E. 649. The Court entered an Amended Judgment on November 27, 2006. See C.D.E. 651. On November 27, 2006, Petitioner filed a second Notice of Appeal. See C.D.E. 653. On November 28, 2006, Petitioner filed a third Notice of Appeal. See C.D.E. 652.

On October 17, 2008, the First Circuit Court of Appeals issued its Judgment affirming Sterling-Suarez's sentence. See C.D.E. 692. Judgment was entered on October 20, 2008. Id. Petitioner did not file

---

[2] Counsel informed the court that he had not properly advised Sterling-Suarez of his right to allocution. See C.D.E. 619.

Certiorari before the Supreme Court.  Therefore, Petitioner's sentence became final on January 18, 2009.  As of that date, Sterling-Suarez had one (1) year to file a timely 2255 Petition.

Sterling-Suarez signed and dated his 2255 Petition on December 20, 2012. <u>See</u> Docket No. 1. As such, the same is untimely. Petitioner even admits to this fact in his filing. <u>See</u> Docket No. 1-1, pages 15-17. Yet he argues that this Court should nonetheless review his petition for two reasons. First, Sterling-Suarez points to <u>Missouri v. Frye</u>, 132 S.Ct. 1399 (2012) and <u>Lafler v. Cooper</u>, 132 S.Ct. 1376 (2012), to argue that those cases create a newly recognized right. Second, Petitioner puts forth an equitable tolling argument.

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) went into effect on April 24, 1996.  AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief.  Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date. <u>Pratt v. United States</u>, 129 F.3d 54, 58 (1st Cir. 1997).

If a defendant does not file a petition for writ of certiorari with the United States Supreme Court after direct appeal, the judgment of conviction is final when the time for filing a certiorari petition expires. <u>Derman v. United States</u>, 298 F.3d 34 (1st Cir. 2002). Pursuant to the Rules of the Supreme Court, Rule 13.1, a petition for writ of certiorari is timely when it is filed within ninety (90) days following entry of judgment.

In the case at hand, Petitioner had until January 18, 2010, to timely file his 2255 Petition yet waited until December 20, 2012 to do so. Hence, the 2255 request is time barred.

### B. Newly-Recognized Right

Petitioner, however, alleges that pursuant to the holding of the Supreme Court in *Frye* and *Lafler*, his 2255 Petition should be entertained because those cases created a newly-recognized right. In *Frye* and *Lafler* the Supreme Court issued back-to-back decisions that

established as a general rule that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on the terms and conditions that may be favorable to the accused. If the offer is not communicated and subsequently expires, then "defense counsel did not render the effective assistance that the Constitution requires." _Lafler_, 132 S.Ct. at 1390-1391.

Contrary to what Petitioner avers, the First Circuit has ruled that these cases do not establish a "new rule of constitutional law, made retroactive to cases on collateral review." _Pagan-San Miguel v. United States_, 736 F.3d 44, 45 (1st Cir. 2013). Having established that Petitioner's argument of newly discovered right is contrary to First Circuit case law, the Court deems his Section 2255 untimely.

**C. Equitable Tolling**

Sterling-Suarez' next argument can only be construed as a half-hearted attempt at equitable tolling. The doctrine of equitable tolling suspends the running of a statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to his claim. _Ramirez-Carlo v. United States_, 496 F3d. 41 (1st Cir. 2007).

The Supreme Court has held that the limitations period under AEDPA which applies to federal habeas petitions filed by prisoners in state custody, is subject to equitable tolling in appropriate instances. _Holland v. Florida_, 130 S.Ct. 2549 (2010). The First Circuit Court has held that "given the compelling textual similarity and congruent purpose that section 2244(d) and section 2255(f) share and the common heritage of both provisions as part of the same statutory framework, we hold that section 2255(f)'s one year limitations period is subject to equitable tolling in appropriate instances." _Ramos-Martinez v. United States_, 638 F.3d 315, 322 (1st Cir. 2011). However, the applicability of equitable tolling is far from automatic. A court's power to invoke equitable tolling must be exercised on a case by case basis. _Irwin v. Dep't of Vet. Affairs_, 498 U.S. 89 (1990).

A habeas petitioner bears the burden of establishing the basis for equitable tolling. _Riva v. Ficco_, 615 F.3d 35, 39 (1st Cir. 2010).

To carry this burden, the petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. Di Guglielmo, 544 U.S. 408 (2005)). AEDPA's statute of limitations will not be equitably tolled merely because the underlying grounds for habeas relief are extraordinary; rather the "extraordinary circumstance" must be one that actually caused the untimely filing. Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012).

The Petitioner asserts that while his appeal was pending before the First Circuit Court, he was placed in the Special Management Unit (SMU) program, and during his time at SMU he was not allowed full and unobstructed access to the law library. Furthermore, Petitioner states that he had no means to prepare his 2255 petition in English. Sterling-Suarez alleges that once he was released from SMU, the statute of limitation had already expired. See Docket No. 1-1 at 16.

Sterling-Suarez provides no evidence to sustain his allegations. What's more, he doesn't claim that he did not have access to the law library, only that his access was limited. Petitioner was required to show that he took at least some action to overcome this indisposition during the limitations period in order to demonstrate that he exercised reasonable diligence in trying to preserve his rights. See e.g. Dominguez v. Duval, 527 F. App'x 38 (1st Cir. 2013).

Petitioner's argument is undeveloped and unsupported. For example, Sterling-Suarez has provided no evidence as to the attempts he made to gain access to the law library or to seek help with the translation of his 2255 petition. "The diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." Diaz v. Kelly, 515 F.3d 149, 154 (2nd Cir. 2008).

The Court further notes that this Petition was filed over two (2) years after the statute of limitations had expired, clearly Sterling-Suarez was not in SMU for this prolonged period of time nor did he act in a diligent fashion once he was removed from SMU. In sum,

Petitioner's last minute attempt to circumvent a one year statute of limitations fails.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner QUESTER STERLING-SUAREZ, is not entitled to federal habeas relief on the claim presented due to the fact that the same is time barred. Accordingly, it is ordered that Petitioner QUESTER STERLING-SUAREZ's request for habeas relief under 28 U.S.C. Sec. 2255 (Docket No. 1) be DENIED, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 be DISMISSED WITH PREJUDICE.

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 22, 2015.

S/ **JUAN M. PÉREZ-GIMÉNEZ**
**JUAN M. PÉREZ-GIMÉNEZ**
**UNITED STATES DISTRICT JUDGE**